IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DAVID CARL IMHOFF,            )
                    Plaintiff,   )
                               )
    vs.                         )     Civil Action No. 14-44
                               )
                               )     Judge Nora Barry Fischer/
JOHN TEMAS, *Warden, Washington*   )     Chief Magistrate Judge Maureen P. Kelly
*County Jail*; DEPUTY WARDEN     )
EDWARD STRAWN,              )
*Washington County Jail*;          )
CAPTAIN MICHAEL KING, *Washington*  )
*County Jail*; SGT. RICHARD      )
SNEDEKER, *Washington County Jail*;  )     Re: ECF No. 52
SGT. GREGORY STRAWN, *Washington*  )
*County Jail*; NURSE CHERYL       )
McGAVITT, *Washington County Jail,* All  )
Individually and in their official capacities,  )
                        Defendants.   )


## MEMORANDUM ORDER


Presently before the Court is a "Motion for an Order: Compelling Discovery and for a Time Extension for Discovery" filed by Plaintiff David Carl Imhoff ("Plaintiff"). ECF No. 52. Also before the Court is the Response in opposition filed by Defendants John Temas, Deputy Warden Edward Strawn, Captain Michael King, Sergeant Richard Snedeker, Sergeant Gregory Strawn and Nurse Cheryl McGavitt ("Defendants"). ECF No. 54.

In the underlying *pro se* civil rights action, Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 for the alleged violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. He alleges that Defendants, employees of the Washington County Correctional Facility ("WCCF"), acted with deliberate indifference in denying him adequate medical care.

The instant Motion seeks to compel production of: (1) contact information for certain potential witnesses; and (2) copies of log books from WCCF's medical clinic and processing for a certain time period. ECF No. 52.

The scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> **(1) Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

> Fed.R.Civ.P. 26(b)(1). Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. <u>Morrison v. Philadelphia Housing Auth.</u>, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b) (1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." <u>In re Urethane Antitrust Litigation</u>, 261 F.R.D. 570, 573 (D. Kan. 2009).

<u>In re Milo's Kitchen Dog Treats Consol. Cases</u>, 307 F.R.D. 177 (W.D. Pa. 2015).

## I. POTENTIAL WITNESSES

As to the first request, Plaintiff sets forth nine names of potential witnesses, but fails to provide any further identification of these people or attach any possible relevance to these names. In light of Plaintiff's failure to meet his initial burden, the Motion to Compel is granted

in part and denied in part. Specifically, to the extent that any of the identified individuals are/were employees of WCCF, Defendants are directed to state his/her full name, position/title and dates of employment.

## II. LOG BOOKS

Next, Plaintiff requests "copy of log books from clinic and processing from 4/24/13 to 5/27/13." ECF No. 53 at 1. Although he fails to allege the relevance of this information, the significance of the first date as the date of his arrest and entrance in WCCF may be gleaned from the Complaint. Defendants object to producing the log books on the bases that the request is overly broad and that it is not calculated to lead to any relevant evidence. Defendants also assert that information contained in the log books is security sensitive and, in some instances, confidential. Defendants finally assert that they previously complied with Plaintiff's request for the names of inmates housed in the processing area during the time periods he specified. Because Plaintiff provides no information as to the relevance of these documents to his specific claims and none is apparent from the description (beyond that which would have been revealed via the previous production), the Motion is denied as to this request.

## III. EXTENSION OF DISCOVERY

Plaintiff also requests an extension of time to conduct discovery. Defendants oppose the request.

Discovery in this case was initially set to close on April 5, 2015. ECF No. 36. This Court granted Plaintiff's Motion for Extension of Time to Complete Discovery, ECF No. 40, and extended discovery until July 13, 2015. ECF No. 41. After the close of discovery, Plaintiff filed the instant Motion to Compel, including a request to extend discovery "to develope [sic] witnesses and statements." ECF No. 52 at 2.

In light of the fact that Plaintiff has failed to establish good cause for another extension of discovery, the request is denied. Therefore, Defendants' response to Plaintiff's Motion for Judgment and Defendants' Motion for Summary Judgment remain due on September 1, 2015. ECF No. 46.

AND NOW, this 24th day of August, 2015, for the foregoing reasons, Plaintiff's Motion for an Order: Compelling Discovery and for a Time Extension for Discovery, ECF No. 52, is GRANTED in part and DENIED in part.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    David Carl Imhoff
LS-8834
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450

All Counsel of Record Via CM-ECF