IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CARL IMHOFF, | ) | |
|                    Plaintiff, | ) | |
| | ) | |
|      vs. | ) | Civil Action No. 14-44 |
| | ) | |
| | ) | Judge Nora Barry Fischer/ |
| JOHN TEMAS, *Warden, Washington* | ) | Chief Magistrate Judge Maureen P. Kelly |
| *County Jail*; DEPUTY WARDEN | ) | |
| EDWARD STRAWN, | ) | |
| *Washington County Jail*; | ) | |
| CAPTAIN MICHAEL KING, *Washington* | ) | |
| *County Jail*; SGT. RICHARD | ) | ECF Nos. 44 and 59 |
| SNEDEKER, *Washington County Jail*; | ) | |
| SGT. GREGORY STRAWN, *Washington* | ) | |
| *County Jail*; NURSE CHERYL | ) | |
| McGAVITT, *Washington County Jail,* All | ) | |
| Individually and in their official capacities, | ) | |
|                   Defendants. | ) | |

## AMENDED REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

Presently before the Court are two Motions for Summary Judgment: one filed by Plaintiff David Carl Imhoff ("Plaintiff"), ECF No. 44, and one filed by Defendants John Temas, Deputy Warden Edward Strawn, Captain Michael King, Sgt. Richard Snedeker, Sgt. Gregory Strawn and Nurse Cheryl McGavitt (collectively, "Defendants"), ECF No. 59.

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Summary Judgment, ECF No. 44, be denied. It is further recommended that Defendants' Motion for Summary Judgment, ECF No. 59, be granted.

## II.    REPORT

### A.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this *pro se* civil rights action seeking redress pursuant to 42 U.S.C. § 1983 for the alleged violations of his rights under the United States Constitution by Defendants, employees of the Washington County Correctional Facility ("WCCF"). The action is based on Plaintiff's confinement in WCCF as a pretrial detainee beginning on April 24, 2013.

On April 4, 2014, Defendants filed a Motion to Dismiss in the form of a Motion for Summary Judgment. ECF No. 17. Following entry of a Report and Recommendation, ECF No. 32, the Motion to Dismiss was granted as to Plaintiff's claims for punitive damages asserted against Defendants in their official capacities but denied in all other respects. ECF No. 34.

On May 19, 2015, Plaintiff filed his Motion for Summary Judgment and a Narrative (Pretrial) Statement. ECF Nos. 44, 45. On September 1, 2015, Defendants filed their Motion for Summary Judgment, Brief in Support and Concise Statement of Material Facts. ECF Nos. 59, 60, 61. On the same date, Defendants filed their Response to Plaintiff's Motion for Summary Judgment. ECF No. 62. On October 7, 2015, Plaintiff filed his Response to Defendants' Motion for Summary Judgment. ECF No. 67.

On November 18, 2015, this Court issued a Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be denied and that Defendants' Motion for Summary Judgment be granted in part and denied in part. ECF No. 68. Defendants filed Objections to the Report and Recommendations and a Brief in Support thereof. ECF Nos. 69, 70. Plaintiff also filed Objections to the Report and Recommendation. ECF No. 71. Defendants filed a Response to Plaintiff's Objections. ECF No. 73. Upon consideration of the Report and Recommendation and the parties' objections and responses thereto, as well as the underlying

cross motions for summary judgment and responses thereto, the Report and Recommendation was remanded for reconsideration based on Local Rule 56.E, relative to the admission of material facts, and on Defendants' immunity defense. ECF No. 74. The case is now ripe for reconsideration.

It is noted that on January 20, 2016, Plaintiff filed a document entitled "Objections to Concise Statement of Material Facts." ECF No. 75. The filing appears to be an attempt to address his failure to deny Defendants' Concise Statement of Material Facts, ECF No. 61, as identified by Judge Nora Barry Fischer in her Order dated December 22, 2015. ECF No. 74. In light of the fact that this Court had previously ordered that Plaintiff's response in opposition to Defendants' Motion for Summary Judgment be filed by October 5, 2015, ECF No. 63, Plaintiff's filing of "Objections to Concise Statement of Material Facts" on January 20, 2016, is over three (3) months past due and is out of time. Therefore, it will not be considered by this Court.

### B.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the

court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

Local Rule 56 of the Local Rules of the United States District Court for the Western District of Pennsylvania provides, in pertinent part:

> **C. Opposition Requirements.** Within 30 days of service of the motion for summary judgment, the opposing party shall file:
>
> > **1.        A Responsive Concise Statement.** A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:
> >
> > > **a.** admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
> > >
> > > **b.** setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record (See LCvR 56.B.1 for instructions regarding format and annotation); and
> > >
> > > **c.** setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the Court to determine the motion for summary judgment;
> >
> > **2.        Memorandum in Opposition.** The memorandum of law in opposition to the motion for summary judgment must address applicable law and explain why there are genuine issues of material fact to be tried and/or why the moving party is not entitled to judgment as a matter of

law; and 30 Local Rules of Court February 1, 2013 Western District of Pennsylvania

**3.** **Appendix.** Documents referenced in the Responsive Concise Statement shall be included in an appendix. (See LCvR 56.B.3 for instructions regarding the appendix).

. . .

**E. Admission of Material Facts.** Alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

## C.  DISCUSSION

### 1.  Defendant Cheryl McGavitt

Plaintiff's legal claim against Defendant McGavitt is stated as follows:

Defendant Cheryl acted with deliberate indifference, ignoring plaintiff's repeated requests to receive medical treatment for his withdraw[al] symptoms and failing to correct the actions of the nurses that she supervises, violating plaintiff's rights under the 8th and 14th Amendment to the United States Constitution, and caused plaintiff to suffer seizures as well as pain and suffering, emotional distress and reoccurring nightmares (possibly post[-]traumatic stress disorder).

ECF No. 3 ¶ 39.

Claims of inadequate medical care by pretrial detainees are "evaluate[d] ... under the Due Process Clause of the Fourteenth Amendment, which prohibits the defendants from undertaking acts that amount to punishment." Thrower v. Alvies, 425 F. App'x 102, 104 (3d Cir. 2011) (citing Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2004)).  The United States Court of Appeals for the Third Circuit has held that "the Due Process Clause provides pretrial detainees with at least as much protection as is afforded to prisoners raising denial-of-medical-treatment claims under the Eighth Amendment." Thrower, 425 F. App'x at 105 (citing Natale v. Camden

Cty. Corr. Facility, 318 F.3d 575, 581–82 (3d Cir. 2003)).  Thus, courts apply the Eighth Amendment standard to determine whether a pre-trial detainee's rights were violated.  See Lenhart v. Pennsylvania, 528 F. App'x 111, 115 (3d Cir. June 11, 2013).  The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citing Gregg v. Georgia, 428 U.S. 153, 173 (1976)).  Thus, to establish a claim of deliberate indifference, a claimant must make some factual allegations of: (1) a serious medical need and (2) a culpable mental state establishing deliberate indifference.  See Wilson v. Seiter, 501 U.S. 294, 97 (1991) (citing Estelle, 429 U.S. at 106).

Deliberate indifference does not require a showing of complete failure to provide care, rather "[w]here prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest."  Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)(citation omitted).

An examination of the allegations in the Complaint reveals none concerning any actions or omissions of Defendant McGavitt.  Plaintiff does identify Defendant McGavitt as "the Head Nurse in charge of medical staff and responsible for the welfare of the inmates," ECF No. 3 ¶ 9; however, he advances no specific allegations concerning any actions or omissions of any nurses. He does allege that he asked for a nurse to see him beginning on April 28, 2013, and continuing daily until he was seen by a nurse on May 7, 2013, id. ¶¶ 17, 27, but he makes no allegations that any nurse was aware of these requests.  Additionally, there are no allegations that Plaintiff suffered seizures.

There is simply an insufficient showing of a culpable mental state establishing deliberate indifference to support Plaintiff's stated legal claim against Defendant McGavitt. Defendant McGavitt is entitled to judgment as a matter of law. Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be denied as to Defendant McGavitt. It is recommended that Defendants' Motion for Summary Judgment be granted as to Defendant McGavitt.

### 2.      Defendant Sgt. Gregory Strawn

Plaintiff's legal claim against Defendant Gregory Strawn is stated as follows:

> Defendant Gerg [sic] Strawn's physical violence by choking and pepper spraying plaintiff while he was having a hallucinatory episode violated plaintiff's rights under the 8[th] & 14th Amendment of the United States Constitution, and caused plaintiff to suffer pain and suffering, emotional distress and reoccurring nightmares (possibly post[-]traumatic stress disorder).

ECF No. 3 ¶ 40.

When prison officials are accused of using excessive force, the court's inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Because this analysis entails questions of motivation, such claims often turn on factual disputes which cannot be resolved as a matter of law. There are several factual considerations that a court must examine in determining whether a correctional officer has used excessive force including: "'(l) the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used;' (3) 'the extent of injury inflicted;' (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them;' and (5) 'any efforts made to temper the severity of a forceful response.'"

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).[1]

In his verified Complaint, Plaintiff makes the following allegations against Defendant Gregory Strawn. While Plaintiff was being housed in a regular cell in processing, he "was yelling for help and Defendant Greg Strawn came into the cell and choked him, pressing his thumb into plaintiff's atoms [sic] apple. Later still, [S]ergeant Strawn sprayed a short burst of pepper into the cell and plaintiff was left inside for about 30 minutes until [S]ergeant Strawn took him out to shower off the pepper spray. Plaintiff was left with a pepper spray tainted blanket till [sic] he was moved back into green room." ECF No. 3 ¶¶ 18-19.

In Defendants' Concise Statement of Material Facts, Defendants assert that Defendant Gregory Strawn does not carry "O.C." spray and could not have dispensed it at Plaintiff. ECF No. 61 ¶ 35 (citing ECF No. 59-6 ¶ 9). Defendants further assert that Defendant Gregory Strawn did not choke Plaintiff. ECF No. 61 ¶ 36 (citing ECF No. 59-6 ¶ 10). Because Plaintiff failed to specifically deny these alleged facts or otherwise controvert them in a separate concise statement, they are deemed admitted pursuant to Local Rule 56.E. Thus, Plaintiff's claim is without basis and Defendant Gregory Strawn is entitled to judgment as a matter of law.

Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be denied as to Defendant Gregory Strawn. It is recommended that Defendants' Motion for Summary Judgment be granted as to Defendant Gregory Strawn.

### 3. Defendant Sgt. Richard Snedeker

Plaintiff's legal claim against Defendant Sgt. Richard Snedeker is stated as follows:

> Defendant Snedeker's physical violence as well as his lack of performing his duty by kicking plaintiff in the face, refusing to let plaintiff use toilet to

---

[1] District courts in this Circuit apply the Eighth Amendment standard when analyzing a pretrial detainee's claim of excessive force. Knight v. Walton, 2014 WL 1316115, *7 (W.D. Pa. March 28, 2014).

defecate, refusing to summon nurse when plaintiff was suffering from seizures and hallucinations and overall menacing threatening demeanor, violated plaintiff's rights under the 8th and 14th Amendment of the United States Constitution, and caused plaintiff to suffer pain and suffering, emotional distress and reoccurring nightmares (possible post[-]traumatic stress disorder) deprived him of basic human needs such as water to drink & toiletries (tooth brush, soap).

ECF No. 3 ¶ 41.

It appears that Plaintiff is asserting claims of deliberate indifference, excessive force and inhumane conditions of confinement against Defendant Snedeker. The legal considerations for deliberate indifference and excessive force are set forth above. The law as to inhumane conditions of confinement is as follows.

Prison conditions may amount to cruel and unusual punishment if they cause "unquestioned and serious deprivations of basic human needs ... [that] deprive inmates of the minimal civilized measure of life's necessities." Tillman v. Lebanon Cty. Corr. Fac., 221 F.3d 410, 418 (3d Cir. 2000). This standard applies to pre-trial detainees. Kost v. Kozakiewicz, 1 F.3d 176, 188 (3d Cir. 1993).

In addition to showing conditions that pose a risk of serious harm, the inmate must show that the prison official responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prison official violates the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In his verified Complaint, Plaintiff presents the following allegations concerning Defendant Snedeker.

While being housed in regular cell in processing, plaintiff began to pound his plastic stool off the door. Officers Tiano, Emler and Snedeker came into the cell to retrieve the stool. While [O]fficer Emler was holding plaintiff down on the bed and [O]fficer Tiano was retrieving the stool, Defendant

> Snedeker kicked plaintiff in the face, leaving a scratch and bruise from the tread of his boot.
>
> . . .
>
> Whenever plaintiff [then housed in "the green room"] had to use a toilet to defecate, he was escorted to a nearby cell that was equipped with sink and toilet except for the instances when Sergeant Snedeker was on duty, at which times he was forced to defecate on the floor with no toilet paper to clean up with and no water to wash hands with.

ECF No. 3 ¶¶ 18, 26.

Although Plaintiff references Defendant Snedeker's refusal to summon a nurse in the "Legal Claims" section of his Complaint, id. ¶ 41, he makes no factual allegation concerning Defendant Snedeker's refusal to summon a nurse when requested. Therefore, Plaintiff has made an insufficient showing of a culpable mental state establishing deliberate indifference to support this portion of his stated legal claim against Defendant Snedeker.

The remaining allegations, concerning Defendant Snedeker kicking Plaintiff's face and forcing him defecate in an unsanitary manner, are addressed in Defendants' Concise Statement of Material Facts. Therein, Defendants assert that Defendant Snedeker used only his hands on Plaintiff during the incident and that he denies kicking Plaintiff. ECF No. 61 ¶¶ 22, 25, 27 (citing ECF No. 59-5 ¶¶ 7, 10, 13). Defendants further assert that Defendant Snedeker did not require Plaintiff to defecate on the floor of his cell at any time. ECF No. 61 ¶ 28 (citing ECF No. 59-5 ¶ 14). Because Plaintiff failed to specifically deny these alleged facts or otherwise controvert them in a separate concise statement, they are deemed admitted pursuant to Local Rule 56.E. Thus, Plaintiff's claim is without basis and Defendant Snedeker is entitled to judgment as a matter of law thereupon.

Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be denied as to Defendant Snedeker. It is further recommended that Defendants' Motion for Summary Judgment be granted as to Defendant Snedeker.

### 4. Defendant Edward Strawn

Plaintiff's legal claim against Defendant Edward Strawn is stated as follows:

> By witnessing Defendants King, Snedeker, Strawn and Mc[G]avitt's illegal actions, failing to correct those misconducts and encouraging the continuation of the misconducts and behavior, . . . Deputy Edward Strawn also violated plaintiff's rights under the 8th & 14th Amendment of the United States Constitution, and caused plaintiff to suffer pain and suffering, emotional distress and reoccurring nightmares (possibly post[-]traumatic stress disorder).

ECF No. 3 ¶ 42.

Plaintiff makes one allegation concerning Defendant Edward Strawn in his verified Complaint:

> On one day in particular, the Deputy Warden Strawn came down to processing and plaintiff begged him to send him to the hospital to the Psyche [sic] ward because something was wrong and the nurse won't see him. Warden Strawn responded to plaintiff that "there's always 3 sides to every story" and walked away.

Id. ¶ 23.

Defendant Edward Strawn's affidavit provides, in pertinent part:

> While [Plaintiff] was housed in the green room, I recall asking the staff monitoring the suicide cell what was wrong with [Plaintiff]. The staff responded that he was in the process of detoxification and in withdrawal. I was satisfied that the staff on duty was appropriately supervising [Plaintiff's] condition. [Plaintiff] was housed in a cell directly across from the staff desk. The cell front is glass, so that the staff on duty is able to have direct observation of the inmate.

ECF No. 59-7 ¶¶ 13-16.

Plaintiff's allegation concerning Defendant Edward Strawn's refusal to summon medical help when requested fails to show a culpable mental state establishing deliberate indifference. A failure to respond to a one-time request, made on a non-specified date, for in-patient psychiatric treatment for "something wrong" cannot support Plaintiff's stated legal claim against Defendant Edward Strawn. Defendant Edward Strawn is entitled to judgment as a matter of law.

Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be denied as to Defendant Edward Strawn. It is further recommended that Defendants' Motion for Summary Judgment be granted as to Defendant Edward Strawn.

### 5.    Defendant John Temas

Plaintiff's legal claim against Defendant Temas is stated as follows:

> By witnessing Defendants King, Snedeker, Strawn and Mc[G]avitt's illegal actions, failing to correct those misconducts and encouraging the continuation of the misconducts and behavior, Deputy John Temas . . . also violated plaintiff's rights under the 8th & 14th Amendment of the United States Constitution, and caused plaintiff to suffer pain and suffering, emotional distress and reoccurring nightmares (post[-]traumatic stress disorder).

ECF No. 3 ¶ 42.

Plaintiff has presented no allegations in his verified Complaint concerning any actions or omissions of Defendant Temas. Obviously, he has failed to make a sufficient showing of any facts that would support a claim against Defendant Temas. Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be denied as to Defendant Temas. It is further recommended that Defendants' Motion for Summary Judgment be granted as to Defendant Temas.

### 6.     Defendant Captain Michael King

Plaintiff's legal claim against Defendant Captain Michael King is stated as follows:

> Defendant Michael King's indifference to the wellbeing of plaintiff and participation, by and through himself and those he supervises, violated plaintiff's rights under the 8th & 14th Amendment of the United States Constitution, and cause plaintiff to suffer pain and suffering, emotional distress and reoccurring nightmares (possibly post[-]traumatic stress disorder) deprived him of basic human needs such as water to drink & toiletries (tooth brush, soap) and subjected him to unnecessary punishment.

ECF No. 3 ¶ 43.

Plaintiff makes the following allegations against Defendant King in the Complaint.  The allegations concern three incidents.

Incident One:

> Upon waking at approximately 5am on the 25th of April, [Plaintiff] asked C.O. Molinaro to use the phone to make arrangements to post bail.  C.O. Molinaro refused his request and stated that there is no phone.  Plaintiff became agitated and started yelling and subsequently got into an argument with Captain King, who was also present.  After arguing with Captain King, plaintiff returned to the mat on the floor and went back to sleep.  When plaintiff woke up several hours later, he had a misconduct report sitting on the floor next to him.  Officer Molinaro was again working processing and when plaintiff asked him what the misconduct was for, he was told that "you threatened the captain".  Later in the day plaintiff was being escorted to the bathroom and noticed on the count board that he was on d.c. status with a notation behind his name stating "GETS NOTHING- PER CAPT. KING".  Plaintiff asked about being removed from green room and was told that he had to wait until Captain King came back to talk to him.

Id. ¶¶ 14-15.

Incident Two:

> On May 2nd, Captain King was back on duty for the 6am-2pm shift and moved plaintiff back into the green room alleging that plaintiff was suicidal.  Shortly after being moved into the green room, the plaintiff was suffering a bad asthma attack and began hyperventilating until he lost conscious[ness] and was never given medical treatment, even though his jail medical records state that he is asthmatic and he was in a camera surveillanced, glass front room in front of several guards on [C]aptain King's shift.

Id. ¶¶ 20-21.

      Incident Three:

> While being housed in the clinic, which is comprised of a hallway and 6
> cells, another inmate, Samuel Kusaj, started acting up.  When Captain King
> came up to extract him from the cell to move him to the green room, he
> sprayed Mr. Kusaj with an excessive amount of pepper spray.  Plaintiff was
> not removed from his cell to the outside recreation yard prior to [C]aptain
> King discharging the pepper spray and was subjected to a lingering effect of
> the spray which with his asthma felt equivalent to being water boarded until
> the spray dissipated, which was about 2 hours.  While struggling to breathe,
> the plaintiff repeatedly hit his emergency button to try to get moved out of
> his cell to fresh air but went unanswered by medical staff and duty officer in
> charge of clinic.  The plaintiff heard [C]aptain [K]ing, from out in the day
> space area say "leave em back there, they deserve it".

Id. ¶¶ 32-33.

      The allegations as to Incident One do not indicate that Plaintiff was deprived of any constitutional rights as a result of that incident.  To the extent that Plaintiff's claim against Defendant King is premised on this incident, Defendant King is entitled to judgment as a matter of law.

      The allegations as to Incident Two appear to make out a claim for deliberate indifference. However, Plaintiff has failed to proffer any evidence as to specific conduct of Defendant King that constitutes deliberate indifference as to this incident.  To the extent that Plaintiff's claim against Defendant King is premised on this incident, Defendant King is entitled to judgment as a matter of law.

      The allegations as to Incident Three are arguably sufficient to support claims for deliberate indifference and inhumane conditions of confinement.  However, in Defendants' Concise Statement of Material Facts, Defendants assert that Defendant King discharged "one short burst of O.C. spray while dealing with another inmate.  He did not discharge an excessive

amount of pepper spray." ECF No. 61 ¶ 62 (citing ECF No. 59-4 ¶ 11). Defendants further assert that after he diffused the situation with the other inmate, he left the area and did not hear Plaintiff press his button nor did he make the alleged comment. ECF No. 61 ¶¶ 63-64 (citing ECF No. 59-4 ¶ 13-14). Because Plaintiff failed to specifically deny these alleged facts or otherwise controvert them in a separate concise statement, they are deemed admitted pursuant to Local Rule 56.E. Thus, Plaintiff's claim is without basis and Defendant King is entitled to judgment as a matter of law.

Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be denied as to Defendant King. It is further recommended that Defendants' Motion for Summary Judgment be granted as to Defendant King.

### 7.     Qualified Immunity Defense

In light of the recommendation of the granting of Defendants' Motion for Summary Judgment, it is not necessary that the Court address the qualified immunity defense raised by Defendants. Nonetheless, for the sake of comprehensive analysis, the defense will be addressed.

Based on this Court's thorough review of the filings relative to the motions for summary judgment and the alleged material facts set forth in Defendants' Concise Statement of Material Facts which are deemed admitted in accordance with Local Rule 56.E, we find that Plaintiff has failed to make the requisite evidentiary showing of unconstitutional conduct by the Defendants. As such, the doctrine of qualified immunity bars Plaintiff's alleged claims against Defendants because Plaintiff has failed to show that any Defendant knowingly violated any clearly established constitutional right. Accordingly, summary judgment for the Defendants is also recommended on the grounds of the qualified immunity defense.

### D.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Plaintiff's Motion Summary Judgment, ECF No. 44, be denied.

It is further recommended that Defendants' Motion for Summary Judgment, ECF No. 59, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


Dated: February 1, 2016

cc:     The Honorable Nora Barry Fischer
        United States District Judge

        All Counsel of Record Via CM-ECF

        David Carl Imhoff
        LS-8834
        SCI Fayette
        P.O. Box 9999
        LaBelle, PA 15450